(No. 82-CV-0428-)

*In re* Application of Dora Mae Tatum and
Schlintha Lindsey.

*Opinion filed May 28, 1982.*

*Amended opinion filed June 6, 1983.*

F. John Cushing II, for Claimants.

Neil F. Hartigan, Attorney General (Faith S. Salsburg, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on August 15, 1981. Dora Mae Tatum and Schlintha Lindsey, mother of the deceased victim and mother of the victim's minor child, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on November 17, 1981, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Frederick Saulter, age 34, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on August 15, 1981, the victim was stabbed by three offenders, who were neighbors of the victim. The incident occurred on the street at 5139 South Carpenter, Chicago, Illinois. The incident occurred when the victim confronted the three offenders in the alley behind his apartment building, in the process of stealing the victim's television set. One of the offenders then attacked and stabbed the victim several times, and all three offenders fled the scene. The victim was pronounced dead at Englewood Hospital.

3. That the Claimant, Dora Mae Tatum, seeks compensation for funeral expenses only. She was not dependent upon the victim for support.

4. That the Claimant, Dora Mae Tatum, incurred funeral and burial expenses as a result of the victim's death in the amount of $1,898.00.

5. That the Claimant, Schlintha Lindsey, seeks compensation for loss of support for the deceased victim's minor child, Frederica Lindsey, born on February 16, 1982, six months after the death of the victim.

6. That the Claimant, Schlintha Lindsey, has submitted a copy of a Social Security award certificate, which indicates that the child born after the victim's death, Frederica Lindsey, is entitled to Social Security benefits on the victim's account. However, this Claimant has not submitted any evidence that the victim was providing support for the Claimant in reasonable expectation that he would support the child.

7. That pursuant to section 10.1(e) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e)), this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workmen's Compensation Act, Dram Shop Act, Federal medi-

care, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

8. That the Claimant, Dora Mae Tatum, has received $255.00 in reimbursements from the Social Security Administration as a result of the victim's death that can be counted as applicable deductions.

9. That the Claimant, Dora Mae Tatum, has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That the Claimant, Dora Mae Tatum, is entitled to an award based on the following:

| | |
|---|---|
| Funeral expenses | $1,898.00 |
| Less Social Security benefit | - 255.00 |
| Less $200.00 deductible | - 200.00 |
| Total | $1,443.00 |

11. That the Claimant, Schlintha Lindsey, having not submitted the necessary evidence needed to support her claim for loss of support, has not met a required condition precedent for compensation under the Act.

It is hereby ordered that the sum of $1,443.00 (one thousand four hundred forty-three dollars) be and is hereby awarded to Dora Mae Tatum, mother of Frederick Saulter, an innocent victim of a violent crime.

It is further ordered that the claim of Schlintha Lindsey be and is hereby denied.

## AMENDED OPINION

Poch, J.

This claim arises out of an incident that occurred on

August 15, 1981. Schlintha Lindsey, mother of the deceased victim's minor child, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the deceased victim, Frederick Saulter, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That earlier, this Court awarded Claimant Dora Mae Tatum, mother of the deceased victim, $1,443.00 for funeral expenses.

3. That the Claimant Schlintha Lindsey seeks compensation for loss of support for her minor child, Frederica, age 14 months, born six months after the victim's death.

4. That subsequent to the initial investigation by the office of the Attorney General, the Claimant has submitted sufficient evidence to demonstrate that the victim, Frederick Saulter, was the father of the minor child, Frederica, born after his death.

5. That further, the Claimant has demonstrated that she was dependent on the victim for support at the time of his death and that had the victim lived, he would have assumed responsibility for the support of their minor child.

6. That prior to his death, the victim was employed by Zenith Controls, Inc., and his average monthly earnings were $523.39.

7. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less." Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

8. That Claimant Schlintha Lindsey's claim for loss of support is in excess of the $15,000.00 maximum award compensable under the Act.

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

11. That the Claimant Dora Mae Tatum has received $1,443.00 for funeral expenses as a result of the victim's death that must be deducted from the $15,000.00 award.

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is $13,557.00.

13. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 81.1.

It is therefore hereby ordered that the sum of $13,557.00 (thirteen thousand five hundred fifty-seven dollars) be and is hereby awarded to Schlintha Lindsey, on behalf of Frederica Lindsey, daughter of Frederick Saulter, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $3,557.00 (three thousand five hundred fifty-seven dollars) in a lump sum to be paid to Schlintha Lindsey for the use and benefit of her minor child, Frederica Lindsey;

(b) Twenty (20) equal monthly payments of $500.00 (five hundred dollars) each to be paid to Schlintha Lindsey for the use and benefit of her minor child, Frederica Lindsey;

(c) In the event of the death or marriage of the Claimant or the Claimant's child, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.